UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 18-23-BAJ-EWD |
| | : | |
| BRITTANY YOUNG | : | |

**PLEA AGREEMENT**

The United States Attorney's Office for the Middle District of Louisiana ("the United States") and Brittany Young ("the defendant") hereby enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c).

A.  **THE DEFENDANT'S OBLIGATIONS**

   1.  **Guilty Plea**

The defendant agrees to enter a plea of guilty to Count 1 of an Indictment charging her with Conspiracy to Distribute and Possess with the Intent to Distribute Heroin, 50 Grams or More of a Substance Containing a Detectable Quantity of Methamphetamine, and Cocaine Base, also known as "crack" cocaine, in violation of 21 U.S.C. § 846.

   2.  **Financial Information**

The defendant agrees to fully and truthfully complete the financial statement provided to her by the United States and to return the financial statement to the United States within ten days of this agreement being filed with the Court.  Further, the defendant agrees to provide the United States with any information or documentation in her possession regarding her financial affairs and to submit to a debtor's examination upon request.  Any financial

information provided by the defendant may be used by the United States to collect any financial obligations imposed in this prosecution and may be considered by the Court in imposing sentence.

B.    UNITED STATES' OBLIGATIONS

1.    Non-prosecution/Dismissal of Charges

The United States agrees that, if the Court accepts the defendant's guilty plea, it will move to dismiss the defendant from Count 10 and dismiss Counts 8, 16, and 34 after sentencing, and it will not prosecute the defendant for any offense related to the offenses charged in the Indictment.

2.    Motion for Third Point for Acceptance of Responsibility

The United States acknowledges that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.  The United States therefore agrees that, if the Court finds that the defendant qualifies for a two-level decrease in offense level for acceptance of responsibility under USSG § 3E1.1(a) and, prior to the operation of USSG § 3E1.1(a), the defendant's offense level is 16 or greater, the United States will move the Court pursuant to USSG § 3E1.1(b) to decrease the defendant's offense level by one additional level.  The United States reserves the right to object to a decrease in offense level for acceptance of responsibility based on information received by the United States after the effective date of this agreement,

including information that the defendant failed to timely submit the financial statement required by Section A(2) of this agreement.

C. **SENTENCING**

1. **Maximum and Minimum Statutory Penalties**

The maximum possible penalty on Count 1 is a term of imprisonment of 40 years, a fine of up to $5,000,000, and a term of supervised release of not less than four years and up to life. There is a mandatory minimum penalty on Count 1 of five years imprisonment.

In addition to the above, the Court must impose a special assessment of $100, which is due at the time of sentencing. The Court may also order restitution.

2. **Supervised Release**

Supervised release is a period following release from imprisonment during which the defendant's conduct is monitored by the Court and the United States Probation Office and during which the defendant must comply with certain conditions. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment over and above any period of imprisonment initially ordered by the Court for a term of up to three years, without credit for any time already served on the term of supervised release.

3. **Sentencing Guidelines**

The Court will determine in its sole discretion what the defendant's sentence will be. While the Court must consider the United States Sentencing Guidelines in imposing sentence, the Sentencing Guidelines are not binding on the Court. The Court could impose

any sentence from the minimum possible penalty up to the maximum possible penalty as set out above despite any lesser or greater sentencing range provided for by the Sentencing Guidelines.

4.  **No Agreement Regarding Sentencing**

Except as set forth in this agreement and the supplement to the plea agreement, the United States makes no promises, representations, or agreements regarding sentencing. In particular, the United States reserves the right to present any evidence and information, and to make any argument, to the Court and the United States Probation Office regarding sentencing.

5.  **Forfeiture**

The defendant understands that, in accordance with the Notice of Forfeiture in the Indictment, the Court will order forfeiture of her interest in any property subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of conviction of the offense charged in Count 1 of the Indictment. In particular, the Court may enter a personal money judgment against her equal to the combined value of any proceeds and facilitating property related to such offense, such as vehicles, firearms, businesses, residences, containers, equipment or other property used to manufacture, transport, store, sell, or conceal any controlled substance.

The defendant understands that forfeiture of her property, including by payment of a money judgment, will not be treated as satisfaction of any fine, restitution, cost of imprisonment, or other penalty, which may be imposed upon her as part of her sentence. The defendant further understands that, separate and apart from her sentence in this case, the

United States may also institute civil or administrative forfeiture proceedings of any property, real or personal, which is subject to forfeiture.

The defendant agrees to fully and truthfully disclose the existence, nature, and location of all assets and to fully and completely assist the United States in the recovery and forfeiture of all forfeitable assets, including taking all steps as requested by the United States to pass clear title to forfeitable assets to the United States. The defendant agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property pursuant to the Court's forfeiture orders.

The defendant hereby waives the following: (1) all statutory and constitutional defenses to the forfeiture, including any claim that the forfeiture constitutes an excessive fine or punishment; (2) any failure by the Court to ensure at sentencing that the defendant is aware of the forfeiture or to incorporate the forfeiture in the judgment as required by Fed. R. Crim. P. 32.2(b)(4)(B); and (3) any failure by the Court to inform the defendant of, and determine that the defendant understands, the applicable forfeiture prior to accepting the defendant's plea.

### D.  FACTUAL BASIS

The United States and the defendant stipulate to the following facts:

Beginning in December 2016, and continuing thereafter until in or about June of 2017, Brittany Young ("defendant") did conspire with James C. Hull ("Hull"), Brandon Kinamore, and others knowingly and intentionally to obtain, distribute, and possess with intent to distribute, heroin, methamphetamine, and cocaine base in the Middle District of Louisiana, as set forth in the Indictment. Brandon Kinamore recruited the defendant into the conspiracy and introduced her to Hull who served as her source of supply. Brandon Kinamore instructed the defendant on how to distribute

methamphetamine and what prices to purchase the drugs for and what prices to charge customers. As part of the conspiracy, Hull provided the defendant on multiple occasions with quantities of methamphetamine for distribution to others. The defendant ordered multi-ounce amounts of methamphetamine at a time from Hull and distributed that methamphetamine to others. The defendant primarily sold the methamphetamine to one customer. On occasion, the defendant ordered methamphetamine from Hull, and Hull left the methamphetamine at the home of Samuel Kinamore for the defendant to pick up.

To further the course of the investigation into the organization's drug-trafficking activities, agents reviewed consensually recorded jail telephone calls. Through these reviews, investigators learned that Hull, the defendant, and others used the telephones in furtherance of the conspiracy to distribute and possess with the intent to distribute heroin, methamphetamine, and cocaine base. During the conspiracy, at least 50 drug related phone calls were recorded between the Hull and the defendant.

For example, during a phone call on or about January 30, 2017, Brandon Kinamore instructed the defendant on how to coordinate drug purchases from Hull and distribute those drugs to her customer. During a later call from jail, Brandon Kinamore asked Young to make a three way call to Hull. During this three way call, Hull agreed to meet Young and supply her with an amount of methamphetamine. Hull told Young to give him a call whenever she was ready to handle her deal. The following day, on or about January 31, 2017, the defendant contacted Brandon Kinamore, informing him that Hull had supplied her with the amount of methamphetamine she requested for distribution to another.

Additionally, on May 6, 2017, during a series of text messages, the defendant introduced Hull to someone who could supply him with methamphetamine. Hull met with that person and told the defendant that he purchased an ounce of methamphetamine from her source of supply with which he was pleased.

Over the course of the conspiracy, the defendant conspired to distribute or possess with the intent to distribute at least 50 grams but less than 500 grams of a substance containing a detectable amount of methamphetamine. Such amount is the result of the defendant's own conduct and the conduct by co-conspirators that was reasonably foreseeable to the defendant.

The United States and counsel for the defendant stipulate that the defendant exercised minor decision-making authority when it came to the planning or organizing of the criminal activity.

The defendant admits that, to the best of her knowledge and belief, the stipulated statement of facts is true and correct in all respects. The United States and the defendant agree that, had this matter gone to trial, the United States could have proved such facts. The United States and the defendant further agree that such facts are sufficient to support conviction of the offense to which the defendant has agreed to plead guilty. The defendant understands that, by the terms of USSG § 6B1.4, the Court is not limited by the stipulated facts for purposes of sentencing. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation and any other relevant information.

E.  **BREACH AND ITS CONSEQUENCES**

   1.  **Conduct Constituting Breach**

   Any of the following actions by the defendant constitutes a material breach of this agreement:

   a.  failing to plead guilty to Count 1 of the Indictment at re-arraignment;

   b.  representing, directly or through counsel, to the United States or the Court that she will not plead guilty to Count 1 of the Indictment;

   c.  moving to withdraw her guilty plea;

   d.  filing an appeal or instituting other post-conviction proceedings not authorized in Section F(2);

Brittany Young   Page 7   July 10, 2018

e.  disputing or denying guilt of the offense to which the defendant has agreed to plead guilty or denying or disputing any fact contained in the stipulated factual basis;

f.  concealing or disposing of assets with the specific intent of shielding such assets from forfeiture;

g.  providing false, misleading, or incomplete information or testimony, including financial information and testimony provided pursuant to Section A(2), to the United States; or

h.  violating the terms of this agreement or the supplement to the plea agreement in any other manner.

2. **Consequences of Breach**

In the event of a breach by the defendant, the United States is relieved of its obligations under the agreement and the supplement to the plea agreement. In particular, the United States may prosecute the defendant for any criminal offense. In addition, any statements and information provided by the defendant pursuant to this agreement (or the supplement to the plea agreement) or otherwise, and any information and evidence derived therefrom, may be used against the defendant in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the plea agreement itself (including the factual basis contained in Section D), the supplement to the plea agreement, statements made to law enforcement agents or prosecutors, testimony before a grand jury or other tribunal, statements made pursuant to a proffer agreement, statements made in the course of any proceedings under Rule 11, Fed. R. Crim. P. (including the defendant's entry of the guilty plea), and statements made in the course of plea discussions. The defendant expressly and voluntarily waives the protection afforded by Fed. R. Evid. 410

as to any statements made by her personally (but not as to statements made by her counsel). The defendant is not entitled to withdraw her guilty plea.

### 3. Procedure for Establishing Breach

The United States will provide written notice to the defendant or her attorney if it intends to be relieved of its obligations under the agreement and the supplement to the plea agreement as a result of a breach by the defendant. After providing such notice, the United States may institute or proceed with any charges against the defendant prior to any judicial determination regarding breach. However, the United States will obtain a judicial determination regarding breach prior to using statements and information provided by the defendant or any act of producing documents or items by the defendant pursuant to this agreement or the supplement to the plea agreement, or any evidence or information derived therefrom, in its case-in-chief in a criminal trial or in sentencing the defendant in this case. The standard of proof in any proceeding to determine whether the plea agreement or the supplement to the plea agreement has been breached is preponderance of the evidence. To prove a breach, the United States may use (1) any and all statements of the defendant, (2) any and all statements of her counsel to the Court (including the United States Probation Office), and (3) any representation by defense counsel to the United States that the defendant will not plead guilty.

F.  **WAIVERS BY THE DEFENDANT**

1. **Waiver of Trial Rights**

By pleading guilty, the defendant waives the right to plead not guilty or to persist in a not guilty plea and waives the right to a jury trial. At a trial, the defendant would have the trial rights to be represented by counsel (and if necessary have the Court appoint counsel), to confront and examine adverse witnesses, to be protected against compelled self-incrimination, to testify and present evidence, to compel the attendance of witnesses, and to have the jury instructed that the defendant is presumed innocent and the burden is on the United States to prove the defendant's guilt beyond a reasonable doubt. By waiving her right to a trial and pleading guilty, the defendant is waiving these trial rights.

2. **Waiver of Appeal and Collateral Remedies**

Except as otherwise provided in this section, the defendant hereby expressly waives the right to appeal her conviction and sentence, including any appeal right conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2241, 28 U.S.C. § 2255, or 18 U.S.C. § 3582(c)(2). This waiver applies to any challenge on appeal or in any post-conviction proceeding to any aspect of the defendant's sentence, including imprisonment, fine, special assessment, restitution, forfeiture or the length and conditions of supervised release or probation. The defendant, however, reserves the right to appeal the following: (a) any sentence which is in excess of the statutory maximum; (b) any sentence which is an upward departure pursuant to the Sentencing Guidelines; and (c) any non-

Guidelines sentence or "variance" which is above the guidelines range calculated by the Court. Notwithstanding this waiver of appeal and collateral remedies, the defendant may bring any claim of ineffectiveness of counsel.

3.     **Waiver of Statute of Limitations**

The defendant hereby waives all defenses based on the applicable statutes of limitation as to the offense charged in the Indictment including those that the United States has agreed to dismiss in Section B(1) and all offenses that the United States has agreed not to prosecute, as long as such offenses are not time-barred on the effective date of this agreement. The defendant likewise waives any common law, equitable, or constitutional claim of pre-indictment delay as to such offenses, as long as such offenses are not time-barred on the effective date of this agreement. The waivers contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

4.     **Waiver of Speedy Trial Rights**

The defendant hereby waives any common law, equitable, or constitutional claim regarding post-indictment delay as to the offense charged in the Indictment including those that the United States has agreed to dismiss in Section B(1). The waiver contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered

pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

## G. EFFECT OF AGREEMENT

### 1. Effective Date

This agreement and the supplement to the plea agreement are not binding on any party until both are signed by the defendant, defendant's counsel, and an attorney for the United States. Once signed by the defendant, her counsel, and an attorney for the United States, the agreement and the supplement are binding on the defendant and the United States.

### 2. Effect on Other Agreements

This agreement incorporates the supplement to the plea agreement which will be filed under seal with the Court. In this district, the Court requires that a sealed supplement be filed with every plea agreement regardless of whether the defendant is cooperating. The supplement either states that the defendant is not cooperating or provides the terms of the defendant's agreement to cooperate. This plea agreement, along with the aforementioned supplement to the plea agreement, supersedes any prior agreements, promises, or understandings between the parties, written or oral, including any proffer agreement.

### 3. Effect on Other Authorities

The agreement does not bind any federal, state, or local prosecuting authority other than the United States Attorney's Office for the Middle District of Louisiana.

2. **By Defense Counsel**

I have read the Indictment and this plea agreement and have discussed both with my client, Brittany Young, who is the defendant in this matter. I am satisfied that the defendant understands the agreement and the charge against her, including the elements. I am also satisfied that the defendant is entering into the agreement knowingly and voluntarily. This agreement, together with the supplement to the plea agreement, accurately and completely sets forth the entire agreement between the defendant and the United States.

_____   DATE: 8/10/18
Townsend Myers
Counsel for Defendant

3. **By the United States**

We accept and agree to this plea agreement on behalf of the United States. This agreement, together with the supplement to the plea agreement, accurately and completely sets forth the entire agreement between the defendant and the United States.

_____   DATE: July 11, 2018
Brandon J. Fremin
United States Attorney
Middle District of Louisiana

_____   DATE: August 16, 2018
Calvin A. Leipold, III
Assistant United States Attorney
Middle District of Louisiana